## Dull Estate

*William H. Wood* and *Hull, Leiby & Metzger*, for accountant.

*Victor A. Bihl* and *Reynolds & Lipsitt*, for exceptant.

SWOPE, P. J., January 29, 1964.—This case is before the court on questions raised to the suggested schedule of distribution of the remainder of the Wilma G. Knodell residuary trust as proposed by the National Bank & Trust Company of Central Pennsylvania, substituted trustee under the will of Judith R. Dull, deceased, in its first and final account.

Judith R. Dull died on January 7, 1920, a resident of Dauphin County, Pennsylvania. The aforementioned trust was created in paragraphs VIII and XIX of her last will and testament and paragraph 3 of the codicil thereto, as the same were admitted to probate on January 13, 1920, in this county, and duly recorded.

Inter alia, the trust provided for a life estate in Wilma G. Knodell, she also being given a power of appointment over the remainder.

On February 8, 1961, Wilma G. Knodell died a resident of Summit County, Ohio. At that time, it was believed that she had died intestate. A will was discovered subsequently, however, which was probated on February 9, 1962, in Summit County, Ohio. It had been executed in April, 1921, prior to the date of Wilma G. Knodell's marriage to Eugene Knodell on October 14, 1922, and contained among its provisions, the following:

FIRST: I direct that all my just debts and funeral

expenses be fully paid and satisfied, as soon as conveniently may be, after my decease.

FIFTH: I give and devise and bequeath to my sister, Elizabeth R. Castle, all of the remainder of my estate, including such estate, interest and income as was vested in me by and under the will of my Great Aunt, Judith R. Dull. I hereby appoint my sister, Elizabeth R. Castle as the beneficiary provided for in the said last will and testament of Judith R. Dull.

Elizabeth R. Castle predeceased her sister, Wilma G. Knodell, leaving to survive as her only child, a son, Gates R. Castle.

On February 9, 1962, Eugene E. Knodell, surviving spouse of Wilma G. Knodell, filed in Probate Court of Summit County, Ohio, an election to take against her will.

We have been asked to determine whether Wilma G. Knodell, in exercising the power of appointment, effected a blending of the appointive estate with her own personal estate for any purpose whatsoever. This issue is properly for determination by this court, under applicable Pennsylvania law, rather than by an Ohio Court, under the law of that jurisdiction.

In Barton Trust, 348 Pa. 279, 35 A. 2d 266 (1944), the basic conflicts of law principle underlying this question was broadly stated by the Pennsylvania Supreme Court in the following language, at pages 281-282:

"In order to determine whether the residuary clause constituted an exercise of the power it is first necessary to decide by the law of what state that question is governed. In executing a power of appointment the donee disposes of the estate as that of the donor, the appointment being referred back to the instrument which created the power as if it had been actually embodied therein, and it is no doubt because of this principle that it has been uniformly held that the proper and effective

exercise of a power of appointment is, in the case of personalty, controlled by the law of the donor's domicile at the time of the creation of the trust: [Citing cases]." See also O'Reilly Estate, 371 Pa. 349 (1952).

With regard to the correlative determination of whether or not a blending was effected by the exercise of the power of appointment, we note that when the Orphans' Court of Philadelphia County was faced with the question as to whether or not an out-of-State resident, in exercising a power of appointment over a Philadelphia domiciled trust, had blended the trust corpus with his personal estate, Judge Hunter assumed jurisdiction without extensive elaboration as to the source of his authority and applied Pennsylvania law to determine the issue on its merits: Beddall Trust, 1 Fiduc. Rep. 149 (1947). Consistently, the Orphans' Court Act of August 10, 1951, P. L. 1163, sec. 306, provides that venue in the case of a testamentary trust, lies in the county wherein jurisdiction was first assumed.

It appears presently, therefore, that where a Pennsylvania resident establishes a testamentary trust, with a Pennsylvania trustee, providing for a life interest with a power of appointment in the beneficiary, and that beneficiary moves to another State wherein the power of appointment is exercised in such a way that the question of blending is raised, this question will be resolved by the orphans' court of that county wherein jurisdiction was first maintained, in accordance with Pennsylvania law.

The case at bar presents exactly these circumstances. We have a Dauphin County settlor and a Dauphin County trustee. The only out-of-State act consisted of the exercise of the power of appointment in another jurisdiction, which fact will not be taken as sufficient to preclude this court from assuming jurisdiction over any question involving the effective accomplishment

thereof, even to the extent of determining whether or not a blending has taken place: Beddall Trust, supra.

Accordingly, we conclude that the language contained in the residuary clause of Wilma G. Knodell's will is not of the type which may be construed as effecting a blending of her personal and appointive estates, either generally or for the purpose of distribution only.

In Shipley's Estate (No. 2), 337 Pa. 580, 12 A. 2d 347 (1940), the testatrix was the holder of a power of appointment. In her will, she provided, inter alia, for payment of her debts out of her "general estate". In her residuary clause she provided that: "All the rest, residue and remainder of my property and estate, real, personal and mixed, of whatsoever kind and description and wheresoever situate, including all property and estate over which I may have any testamentary power of appointment, I direct shall be divided by my Executor into three equal parts or shares and I give, devise and bequeath said equal parts or shares, as follows. . . ."

The court found that there was no blending of testatrix' personal and appointive estates either by the term "general estate" or in the residuary clause. Significantly, the court looked to the canon of construction of wills which provides that the probable intention of decedent most agreeable to reason and justice should prevail, citing Jackson's Estate, 337 Pa. 561, then holding, at page 586:

"It seems 'agreeable to reason and justice' that the testatrix would provide for her collateral relatives, friends and charities out of her *individual* estate, and that she would direct that such portion of her father's estate over which she had the power of appointment should go to the descendants of her father exactly as he himself as a testator had directed in distributing that portion of his estate which he completely disposed of."

In Anderson Estate, 373 Pa. 294 (1953), the court

was again asked to determine whether a blending had been effected in the will of one holding a power of appointment. The first paragraph of the will provided that decedent's just debts be paid, and thereafter, in his residuary clause he provided:

". . . divide all the rest, residue and remainder of my Estate . . . including such property over which I shall be given the power of appointment under the . . . Last Will . . . of my wife . . . into six (6) equal parts, and I give, devise and bequeath one of said equal parts unto each of the following children [naming them] . . ."

The court there held that an intention to blend must be plainly expressed in or clearly be implied from the manner of exercising the power of appointment, and concluded that there was no general blending because testator had provided for the payment of his debts prior to the exercise of the power, thereby raising the implication that the estates were to be treated as separate. The court did find, however, that there was a blending for the very limited purpose of distribution.

The case at bar presents facts rendering applicable the language of those cases in which a blending was found not to be present. Mrs. Knodell provided for payment of her debts in the first paragraph of her will, and did not dispose of the appointive estate until last. The power was exercised in a separate sentence, reading:

"I hereby appoint my said sister, ELIZABETH R. CASTLE as the beneficiary provided for in the said last will and testament of Judith R. Dull."

In the preceding sentence, although still part of the fifth paragraph, she devised all estate, income and interest that was *vested* in her by the trust. The only *vested* interest Mrs. Knodell had in the trust was the income therefrom; whereas the principal, about which we are primarily concerned here, was appointed in an

independent sentence grammatically distinct from the content of that preceding. This fact suggests strongly that Wilma G. Knodell intended to keep her personal estate separate from her appointive estate for all purposes, and to provide for the appointive estate to pass to the heir of the settlor, much as in the case of Shipley's Estate (No. 2), supra.

With regard to the effect which the subsequent marriage of Wilma G. Knodell had on her prior will, in which the exercise of the power of appointment in question was accomplished, section 21 of the Wills Act of June 7, 1917, P. L. 403, 20 PS §273, limited the right of the surviving spouse to receive an intestate share against a prenuptial will to the personal estate of the decedent. This did not include the appointive estate. Similar provision is made in section 7(3) of the Wills Act of April 24, 1947, P. L. 89, as amended, 20 PS §180.7.

As for the effect of the surviving spouse's formal election to take against the will, section 23(a) of the 1917 Wills Act, 20 PS §261, specifically provided that an election attached only to the personal estate of decedent. See also Kates' Estate 282 Pa. 417 (1925). Again, similar provision is contained in the 1947 Act, sec. 8, 20 PS §180.8.

We conclude, therefore, that decedent, Wilma G. Knodell in her last will and testament effectively exercised her power of appointment over the remainder of the residuary trust provided for her in the Judith R. Dull estate. We further conclude that this exercise did not effect a blending of the personal and appointive estates of Wilma G. Knodell for any purpose.

Without regard to whatever rights Eugene E. Knodell, surviving spouse of Wilma G. Knodell may have in her personal estate by virtue of the fact that her will was executed prior to their marriage, or of his having elected to take against it, neither of which fall prop-

erly within our jurisdiction, Wilma G. Knodell having died a resident of Ohio, we do conclude that neither the prenuptial character of the will nor the election to take against it may be considered to have reposed in him any recognizable claim against her appointive estate.

In light of the fact that Elizabeth R. Castle, sister of Wilma G. Knodell, in whose favor the power of appointment was exercised, predeceased the testatrix, distribution of the trust remainder must be made to Gates R. Castle, son and only heir of Elizabeth R. Castle, deceased.

Accordingly, we make the following

*Order*

And now, January 29, 1964, National Bank & Trust Company of Central Pennsylvania, substituted trustee under the will of Judith R. Dull, deceased, is authorized and directed to distribute to Gates R. Castle, the sole heir and survivor of Elizabeth R. Castle, deceased, the entire balance, including principal and income, remaining in the Wilma G. (Rowe) Knodell residuary trust, as provided for in the will and codicil thereto of Judith R. Dull, deceased.